IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GUARANTEE COMPANY NORTH AMERICA USA,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION 09-0813-WS-M |
| **GADCON, INC.,** ) ) | |
| Defendant. ) | |

**ORDER**

On the afternoon of December 15, 2009, plaintiff, Guarantee Company North America USA ("GCNA"), filed a Verified Complaint (doc. 1) against defendant, Gadcon, Inc. ("Gadcon"), in this District Court.[1]  Counts Two and Three of that Complaint are applications for preliminary injunction and temporary restraining order, respectively, pursuant to Rule 65, Fed.R.Civ.P.  Contemporaneously with the Complaint, plaintiff filed a memorandum of law (doc. 2) in support of its requests for temporary restraining order and preliminary injunction.

The Complaint alleges that GCNA, acting at Gadcon's request, issued performance and payment bonds in favor of the City of Gulf Shores, Alabama, on a project known as the Gulf Shores Softball Sportsplex (the "Project"). (Complaint, ¶ 4.)  The Complaint further reflects that on February 1, 2007, prior to issuance of the subject bonds, Gadcon executed a General Agreement of Indemnity (the "Agreement") in GCNA's favor that, *inter alia*, obliged Gadcon to indemnify and hold GCNA harmless for expenses or losses that GCNA may incur under the bonds, and conveyed to GCNA certain interests in certain property of Gadcon as collateral.

According to the Verified Complaint, GCNA has paid claims and incurred expenses on the Project in the amount of $102,658.26 because of the bonds it issued on behalf of Gadcon, and

---

[1]  The Verification page at the end of the Complaint contains the sworn verification of Wendy Drum, GCNA's Associate Claims Attorney, that she has reviewed the Complaint and that the allegations set forth therein are true.

GCNA also faces the specter of significant future liabilities on those bonds.  Indeed, the Complaint alleges that GCNA has received additional claims totaling $171,011.66 from labor and material suppliers to the Project, and has been notified by the City of Gulf Shores of a potential performance bond claim involving allegations of improper materials used in the Project's construction.  (Complaint, ¶ 6.)[2]  The Complaint states that GCNA requested that Gadcon comply with its indemnification and reimbursement obligations under the Agreement with respect to the current loss reserve, but that Gadcon "has failed to honor this request, and has otherwise refused to perform its obligations as specified in the [Agreement]."  (*Id.*, ¶ 8.)  The Complaint and its exhibits offer no details as to when GCNA made that request, what form the request took, whether Gadcon responded in any manner, and if so what the content of that response might have been.  In an effort to ascribe malfeasance to Gadcon (rather than mere noncompliance with the Agreement's indemnification provisions), GCNA submits further vague allegations that its "investigation indicates that construction equipment and other assets have been transferred to another entity owned or controlled by a relative of the owners of Gadcon." (*Id.*, ¶ 9.)  However, the Complaint lacks any information as to the timing of that transfer, the nature and valuation of the item(s) transferred, and the like, leaving the Court with only the most threadbare of statements alluding to purported improper disposition of corporate assets by Gadcon.

On the basis of these allegations, GCNA requests immediate, sweeping injunctive relief in the form of a temporary restraining order and preliminary injunction, essentially freezing Gadcon's assets, imposing a judicial lien on "any and all assets and property of" Gadcon, requiring Gadcon to perform an immediate detailed accounting of all assets it held at any time in

---

[2]   In both the Complaint and the Brief in Support of Application for TRO and Preliminary Injunction, GCNA also references "a claim from the City of Fairhope with respect to a maintenance bond issued on a subdivision in an unspecified amount." (Complaint, ¶ 6; doc. 2, ¶ 3.)  However, plaintiff has not explained what a claim on a different bond issued on a different project in a different municipality has to do with the performance and payment bonds issued by GCNA for the Gulf Shores Softball Sportsplex project.  On its face, the Complaint is focused on that particular Gulf Shores project and the bonds issued in connection with same, so the relevance of a claim by the City of Fairhope on "a maintenance bond issued on a subdivision" is unclear.

the last 180 days, and so on.  In the alternative, GCNA seeks a temporary restraining order that enjoins and restrains Gadcon "from making or attempting to make any transfers or conveyances of assets, and from selling, conveying, mortgaging, encumbering, or in any other substantive manner dealing with any of its assets or property" until such time as GCNA's request for preliminary injunction is adjudicated.  (*Id.*, ¶ 20.)

If it is true that GCNA has incurred losses on the Project's bonds and Gadcon has failed and refused to honor requests for repayment under the Agreement, then it may well be that plaintiff is entitled to preliminary injunctive relief limiting Gadcon's ability to transfer or dispose of assets that may be used to satisfy its indemnification obligations to its surety.  But discussion of that issue is premature.  The Court's immediate concern is that GCNA's filings are devoid of any indication that it has given, or intends to give, advance notice to Gadcon of the pendency of this action and its application for temporary restraining order.  Instead, plaintiff states in the Complaint that "unless enjoined and restrained, the defendant may engage in conduct that will result in immediate and irreparable injury, loss and damages to GCNA before defendant or its attorneys can be heard in opposition."  (*Id.*, ¶ 21.)  But the Federal Rules of Civil Procedure are very lucid on this point, authorizing issuance of temporary restraining order without notice only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Rule 65(b)(1)(A)-(B), Fed.R.Civ.P.  Plaintiff has satisfied neither of these requirements.  The Verified Complaint and accompanying filings do not set forth specific facts clearly showing that immediate and irreparable injury to GCNA would result before Gadcon could be heard in opposition to the application for temporary restraining order.  There is, for example, no evidence or allegation that if Gadcon were aware of this litigation, it would secrete or otherwise dispose of corporate assets before a temporary restraining order could be entered to halt such conduct.[3]  Nor has plaintiff's counsel certified in

---

[3]     The Court understands plaintiff's position to be that Alabama law excuses it from having to satisfy "the elements traditionally required to obtain injunctive relief."  (Doc. 2, at 7.) But plaintiff does not cite any on-point authority, much less offer persuasive argument, for the proposition that the provisions of Rule 65 of the Federal Rules of Civil Procedure governing

writing the efforts made to give notice and the specific reasons why notice should not be required here.

On this showing, the Court will not rush headlong into entry of a temporary restraining order that may cripple Gadcon's business activities, if not bring them to a complete standstill, without prior notice and an opportunity to be heard.  Moreover, plaintiff's apparent desire to have a TRO issued without notice overlooks the fact that in the very unpublished Northern District of Alabama case whose path GCNA urges this Court to follow, the district court expressly "delayed hearing on the Application [for Temporary Restraining Order] to allow defendants an opportunity to be heard." (Doc. 2, Exh. 1, at 1.)  This Court will do the same.

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. Plaintiff's Application for Temporary Restraining Order will be **held in abeyance** to allow a reasonable opportunity for defendant to receive notice and an opportunity to be heard;

2. Plaintiff is **ordered**, as expeditiously as possible but in no event later than **December 17, 2009**, to provide actual notice to defendant of the pendency of this action and its request for temporary restraining order, with such notice to include furnishing defendant with copies of the Complaint, the Brief in Support of Application for Temporary Restraining Order, and this Order via overnight courier, facsimile, electronic mail, and/or other means reasonably calculated to alert defendant immediately to these proceedings and the immediate injunctive relief sought against it;

3. Plaintiff is further **ordered**, on or before **December 18, 2009**, to file written notice confirming the manner, method and date that it furnished notice to Gadcon of these proceedings and the application for temporary restraining order;

4. Defendant is **ordered**, on or before **December 21, 2009**, to file a brief (along with any affidavits, exhibits, or other evidence it wishes to submit into the record) in

---

issuance of temporary restraining orders or preliminary injunctions in federal court yield to Alabama common-law principles of suretyship law whenever a surety comes to federal court seeking immediate injunctive relief from its principal.

       response to the application for temporary restraining order and for preliminary injunction; and

5. If the Court determines that oral argument or an evidentiary hearing is necessary, the parties will be notified and a hearing will be scheduled. Otherwise, the Application for Temporary Restraining Order will be taken under submission after December 21, 2009 and will be ruled on promptly thereafter.

DONE and ORDERED this 16th day of December, 2009.

                                s/ WILLIAM H. STEELE
                                UNITED STATES DISTRICT JUDGE