IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GUARANTEE COMPANY NORTH AMERICA USA,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | CIVIL ACTION 09-0813-WS-M |
| **GADCON, INC.,** | ) ) ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on plaintiff's application for preliminary injunction found in Count Two of the Complaint (doc. 1).[1]

On December 23, 2009, the undersigned entered an Order (doc. 9) granting in part the application for temporary restraining order submitted by plaintiff, Guarantee Company North America USA ("GCNA"). In particular, after review of plaintiff's legal arguments and evidentiary submission, and examination of the relevant Rule 65 standard, the December 23 Order ruled as follows:

> "Pursuant to Rule 65(b), Fed.R.Civ.P., defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation

---

[1] In its discretion, the Court takes this matter under submission without an evidentiary hearing. The law is clear that a hearing is required on motions for preliminary injunction only if there are contested issues of fact that require credibility determinations. *See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003) (observing that an "evidentiary hearing is not always required before the issuance of a preliminary injunction" unless "facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue") (citations omitted); *Cumulus Media, Inc. v. Clear Channel Communications, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (opining that where little dispute exists as to raw facts, and dispute revolves around inferences to be drawn from such facts, it is left to district court's sound discretion to determine whether an evidentiary hearing is necessary by balancing the interests of speed and practicality against those of accuracy and fairness). Nothing in the record suggests the presence of contested issues of fact pertaining to the requested preliminary injunction as to which credibility determinations are needed.

> with them, are temporarily **enjoined and restrained** from making or attempting to make any transfers or conveyances of defendant's assets, and from selling, conveying, mortgaging, encumbering or in any other substantive manner dealing with any of defendant's assets or property, pending further proceedings on plaintiff's request for preliminary injunctive relief."

(Doc. 9, at 6.) By its terms, the temporary restraining order took effect upon plaintiff's posting of a $500 bond on December 29, 2009. (Doc. 11.) The temporary restraining order expires at the close of business today.

In the December 23 Order, the Court set a briefing schedule on plaintiff's application for preliminary injunction, pursuant to which defendant was instructed to file an opposition brief by no later than December 31, 2009. (Doc. 9, at 6-7.) As with the application for temporary restraining order, however, defendant opted not to avail itself of this opportunity to be heard in connection with GCNA's request for preliminary injunctive relief.[2] In fact, to date defendant has failed to appear in this litigation in any manner or to acknowledge plaintiff's claims for emergency and preliminary injunctive relief. As a result, the Court has been presented with no new evidence or legal argument that might materially alter the analysis conducted in the context of GCNA's application for temporary restraining order.

"To obtain a preliminary injunction, the moving party must show (1) substantial likelihood of success, (2) irreparable harm, (3) that the balance of equities favors granting the injunction and (4) that the public interest would not be harmed by the injunction." *Mesa Air*

---

[2] "In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." *Four Seasons*, 320 F.3d at 1210. The Court readily concludes that defendant has received notice and an adequate opportunity to be heard, based on three specific facts. First, the record reflects that GCNA delivered copies of its temporary restraining order application and this Court's expedited briefing schedule to defendant's principals' current residence address in Kentucky on December 17, 2009. (Doc. 6.) Second, the Return of Service reflects that defendant was served with the summons and complaint (including the TRO and preliminary injunction applications embedded therein as distinct causes of action) via certified mail on December 22, 2009. (Doc. 10.) Third, the December 23 Order specifically directed plaintiff's counsel to serve a copy on defendant "in a manner calculated to alert defendant immediately to same." (Doc. 9, at 7.) In light of these circumstances, defendant cannot plausibly profess ignorance of the pendency of these proceedings, plaintiff's requests for immediate injunctive relief, or the established briefing deadlines for these requests.

*Group, Inc. v. Delta Air Lines, Inc.*, 573 F.3d 1124, 1128 (11th Cir. 2009).  These four factors are identical to those considered by courts in weighing applications for temporary restraining order. *See, e.g., Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).  In the December 23 Order, the Court examined these four Rule 65 factors, and determined that plaintiff had satisfied its burden as to each of them. (Doc. 9, at 3-5.)  The record contains no basis for disturbing any of those determinations, and the Court perceives no constructive purpose in rehashing them and reiterating the analysis and conclusions previously reached as to the four Rule 65 factors in the context of the TRO ruling.

In short, for the reasons stated in the December 23 Order, and in the absence of any argument or evidence submitted by defendant, despite actual notice and a fair opportunity to be heard, the Court finds that GCNA is entitled to a preliminary injunction.  Accordingly, the temporary restraining order entered on December 23, 2009 will be converted and extended into a preliminary injunction whose restrictions on defendant are co-extensive with those imposed in the temporary restraining order, with the temporal difference that the preliminary injunction will remain in effect through the trial on the merits.

For all of the foregoing reasons, plaintiff's Application for Preliminary Injunction (found in Count Two of the Complaint) is **granted in part**, and **denied in part**, as follows:

1. Pursuant to Rule 65(a), Fed.R.Civ.P., defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are preliminarily **enjoined and restrained** from making or attempting to make any transfers or conveyances of defendant's assets, and from selling, conveying, mortgaging, encumbering or in any other substantive manner dealing with any of defendant's assets or property, pending trial on the merits in this case.
2. The security previously posted by the plaintiff on December 29, 2009 in the amount of $500.00 will continue to be held by the Clerk of Court during the pendency of this preliminary injunction, pursuant to the provisions and requirements of Rule 65(c), Fed.R.Civ.P.
3. Defendant not having appeared in this action to date, plaintiff's counsel is **ordered** to serve a copy of this Order on defendant in a manner calculated to alert

defendant immediately to entry of same.

DONE and ORDERED this 6th day of January 2010.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
