**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GUARANTEE COMPANY NORTH AMERICA USA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 09-0813-WS-M** |
| | ) | |
| **GADCON, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Default Judgment (doc. 17).

**I.      Background.**

The Complaint was brought by plaintiff, Guarantee Company North America USA ("GCNA"), against defendant, Gadcon, Inc. ("Gadcon"), seeking exoneration and specific performance of Gadcon's indemnity and other obligations to GCNA, as surety, pursuant to the parties' General Agreement of Indemnity.  The Complaint alleged that GCNA, acting at Gadcon's request, issued performance and payment bonds in favor of the City of Gulf Shores, Alabama, on a project known as the Gulf Shores Softball Sportsplex.  (Complaint, ¶ 4.)  The Complaint further reflected that, prior to issuance of the subject bonds, Gadcon executed a General Agreement of Indemnity (the "Agreement") in GCNA's favor that, *inter alia*, obliged Gadcon to indemnify and hold GCNA harmless for expenses or losses incurred by GCNA under the bonds.  (*Id.*, ¶ 5 & Exh. A.)  GCNA maintains that it has paid claims and expenses in the amount of $102,658.26, pursuant to the bonds, and that it has received additional claims totaling $171,011.66 and has been notified of other potential claims.  (*Id.*, ¶ 6.)  According to the Complaint, despite GCNA's performance of its surety duties, Gadcon has failed and refused to perform its indemnification and reimbursement obligations under the Agreement.  (*Id.*, ¶ 8.)

Based on these factual allegations, the Complaint set forth a claim for exoneration and specific performance, pursuant to which GCNA requested, *inter alia*, that Gadcon be required to

deposit the sum of $500,000 with GCNA as security for anticipated losses and expenses under the aforementioned bonds, and that Gadcon "immediately indemnify GCNA with respect to any and all costs, expenses, attorney's fees and all other losses which GCNA has sustained to date, or which GCNA may sustain in the future by virtue of the issuance of said bonds."  (Doc. 1, ¶ 14(e).)  The Complaint also included requests for temporary restraining order and preliminary injunction.  On January 6, 2010, this Court issued an Order (doc. 12) entering a preliminary injunction against Gadcon that enjoined and restrained defendant from transferring or conveying its assets, or in any other manner selling, conveying or encumbering its assets or property, pending trial on the merits.  (Doc. 12, at 3.)

Despite actual notice of this action and service of process via certified mail on December 22, 2009 (*see* doc. 10), Gadcon has never appeared or interposed any defense in these proceedings.  Upon application by GCNA, a Clerk's Entry of Default (doc. 16) was entered on January 21, 2010, placing Gadcon in default pursuant to Rule 55(a), Fed.R.Civ.P., for failure to plead or otherwise defend.  Several weeks later, GCNA followed up by filing its Motion for Default Judgment (doc. 17).  Although Gadcon was notified of both the Clerk's Entry of Default and the Motion for Default Judgment,[1] it has not contested entry of default judgment against it in these proceedings.

## II.    Analysis.

### A.    *Entry of Default Judgment is Appropriate.*

In this Circuit, "there is a strong policy of determining cases on their merits and we

---

[1]      In particular, the Clerk's Office mailed a copy of the Clerk's Entry of Default to Gadcon at the same Owensboro, Kentucky, address where service of process was perfected.  And the certificate of service for the Motion for Default Judgment reflects that service was made on both Gadcon and local counsel who has represented Gadcon in other matters (although that counsel has emphasized that he has not been retained to represent Gadcon in this proceeding).  It is true that "courts have generally required some notice to be given to a defendant between the time of service of process and entry of default judgment."  *Capitol Records v. Carmichael*, 508 F. Supp.2d 1079, 1083 n.1 (S.D. Ala. 2007) (collecting cases).  The Court finds, however, that the foregoing constitutes sufficient notice to Gadcon of the ongoing default and default judgment proceedings.  Having received such notice and elected not to participate, Gadcon is entitled to no further notice of the ongoing default judgment proceedings in this action.  *See generally* Rule 55(b)(2), Fed.R.Civ.P. (defaulted defendant is entitled to notice of application at least seven days before hearing only if defendant "has appeared personally or by a representative").

-2-

therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate. Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[2] In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted). That is precisely what Gadcon has done here.

The law is clear, however, that Gadcon's failure to appear and the Clerk's Entry of Default do not automatically entitle GCNA to a default judgment in the requested (or any) amount. Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's

---

[2]        *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

In light of these principles, the Court has reviewed the Complaint and is satisfied that it sets forth a viable cause of action against Gadcon under Alabama law. After all, the Complaint specifically pleads that (1) Gadcon entered into a General Agreement of Indemnity pursuant to which it, *inter alia*, promised to indemnify GCNA in connection with the bonds issued on the Sportsplex project; (2) GCNA incurred substantial losses and expenses on those bonds, and faces the prospect of significant further liabilities; and (3) Gadcon failed to perform its indemnification and other obligations to GCNA upon demand. Under Alabama law, sureties are granted legal protections, and indemnity agreements like the one at issue here are enforceable. *See, e.g., SouthTrust Bank of Alabama, N.A. v. Webb-Stiles Co.*, 931 So.2d 706 (Ala. 2005) ("When a surety satisfies the principal's obligation, it is entitled to reimbursement or restitution from the principal ...."); *Doster v. Continental Cas. Co.*, 105 So.2d 83, 85 (Ala. 1958) ("A surety's right of exoneration is established by our decisions ...."). Because these well-pleaded factual allegations are deemed admitted by virtue of Gadcon's default and because they are sufficient to state a claim under Alabama law, the Court finds that Gadcon is liable to GCNA. Accordingly, entry of default judgment against Gadcon is appropriate pursuant to Rule 55, given Gadcon's failure to appear after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (all of which Gadcon has admitted via its default) to establish its liability to GCNA on the exoneration theory set forth in Count One.

**B.      Plaintiff's Requested Order is Problematic.**

Notwithstanding the propriety of a default judgment against Gadcon, the Court harbors substantial reservations about the form of relief proposed by GCNA at this time. Specifically,

GCNA requests issuance of an order requiring Gadcon to deposit the sum of $500,000 with GCNA within 10 days "to fully secure and discharge GCNA from prior losses and any anticipated losses and expenses under the referenced bonds," failing which judgment will be entered in favor of GCNA in that amount.[3]  Plaintiff has provided neither legal authority nor persuasive reasoning to justify this unconventional approach to entry of default judgment.

As an initial matter, the sum of $500,000 appears to have been selected arbitrarily, inasmuch as there is neither evidence nor allegation that plaintiff's losses under the Sportsplex bonds for which Gadcon has indemnity obligations have reached or will approach such a magnitude.  The Complaint references only $102,658.26 in paid claims and expenses, plus outstanding (but unpaid) claims of $171,011.66, as well as two additional claims in unspecified amounts by the cities of Fairhope and Gulf Shores.[4]  Furthermore, ordering Gadcon to "deposit" with GCNA a sum that greatly exceeds the claims paid to date is a questionable endeavor because the Court would essentially be entrusting GCNA with responsibility for accurately debiting claims on the bonds from that amount, then returning the remainder to Gadcon at some unspecified future time, with no safeguards to prevent abuses.  As postured, such a mechanism appears unfair, unreasonable and unworkable.

The most troublesome aspect of GCNA's proposed order is this: No matter how it is framed in the order, that $500,000 figure requested by plaintiff looks, smells and feels like a judgment for money damages.  In fact, GCNA would have the judicial directive to Gadcon to

---

[3]      Plaintiff would also have this Court extend the preliminary injunction's prohibition on Gadcon's transfer or disposal of assets on a post-judgment basis until Gadcon has reimbursed GCNA in full.  But plaintiffs has offered neither law nor explanation why a permanent or quasi-permanent injunction is warranted to facilitate its collection efforts in this manner.  More specifically, plaintiff has failed to differentiate this case from the run-of-the-mill lawsuit in which a money judgment is entered against a defendant, with no injunction governing the defendant's post-judgment transfer of assets pending satisfaction of the judgment.

[4]      As the Court has pointed out previously, the nexus of the City of Fairhope's claim to this matter is unclear.  According to the Complaint, this litigation is about performance and payment bonds that GCNA issued at Gadcon's request in favor of the City of Gulf Shores, relating to the Gulf Shores Softball Sportsplex.  (Complaint, ¶ 4.)  GCNA has not explained what the City of Fairhope's purported claim "with respect to a maintenance bond issued on a subdivision" (*id.*, ¶ 6) has to do with the particular bonds at issue in this lawsuit.

"deposit" that sum with plaintiff be converted into a money judgment if (as seems inordinately likely) Gadcon fails to make such a deposit within 10 days.  If GCNA wants a default judgment for money damages against Gadcon, it certainly is entitled to one; indeed, the Complaint specifically requests that Gadcon indemnify GCNA for all losses the latter has sustained by virtue of the bonds.  But GCNA still must prove up those damages.  "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."  *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks.").  Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry to ascertain damages with reasonable certainty); *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 869-70 (S.D. Ga. 1996) (it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment).[5]

---

[5]       In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default.  *Anheuser Busch*, 317 F.3d at 1266.  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).  However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *Id.* at 1232 n.13; *see also Flynn v. Extreme Granite, Inc.*, 671 F. Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); *Eastern Elec. Corp.*, 652 F. Supp.2d at 605 ("In considering the amount of damages ..., the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via

-6-

By all appearances, the monetary damages that GCNA seeks from Gadcon to indemnify it for losses incurred in connection with the Sportsplex bonds should be readily susceptible to proof via objective documentation in the form of detailed affidavits and/or exhibits, thereby obviating the need for a hearing.  To date, however, GCNA has failed to come forward with any evidence of the proper indemnification amount, much less affidavits and exhibits to support the $500,000 figure proposed in its Motion for Default Judgment.  Without such a predicate, the Court is of the opinion that it is premature (and likely reversible error) simply to enter judgment in GCNA's favor in that unproven, arbitrary amount (whether before or after entering what would in all likelihood be a futile order to Gadcon to deposit that sum with GCNA within 10 days).[6]

**III.   Conclusion.**

To be clear, the Court expressly finds in this Order that entry of default judgment against Gadcon is appropriate.  The only remaining questions concern the amount and form of that judgment.  In light of the foregoing, plaintiff is **ordered**, on or before **April 30, 2010**, to file an evidentiary submission consisting of detailed documentation (in the form of affidavits and supporting exhibits) to establish its money damages against defendant.  In the interests of efficiency and judicial economy, the Court will review those materials and determine whether an evidentiary hearing is necessary to fix those damages.  Should those materials be sufficient to comport with the requirements set forth above, the Court will take the Motion for Default Judgment (doc. 17) under submission upon receipt of plaintiff's written evidentiary filing and will enter default judgment against Gadcon based on those materials.

---

affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.").

[6]    To the extent that GCNA believes that this deposit procedure would exempt it from the black-letter requirement that it prove damages prior to entry of default judgment in the requested amount, plaintiff is invited to submit legal authority in support of that proposition in addition to the evidentiary submission ordered *infra*.

DONE and ORDERED this 2nd day of April, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE